John W. Holcomb (Bar No. 172121)
john.holcomb@knobbe.com
Amy C. Chun (Bar No. 204052)
amy.chun@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:  949-760-0404
Facsimile:  949-760-9502

Attorneys for Plaintiff iRISE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| iRISE, a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>AXURE SOFTWARE SOLUTIONS, INC., a California corporation,<br><br>          Defendant. | Case No.: 2:14-cv-08931<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff iRISE, for its Complaint against Defendant AXURE SOFTWARE SOLUTIONS, INC. ("Defendant AXURE"), alleges as follows:

## I. JURISDICTION AND VENUE

1. This is a civil action for patent infringement arising under 35 U.S.C. §§ 271 and 281.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## II. THE PARTIES

4. Plaintiff iRISE is a California corporation with its principal place of business at 2321 Rosecrans Avenue, Suite 4200, El Segundo, CA 90245.

5. Defendant AXURE is a California Corporation with its principal place of business at 311 Fourth Avenue, Suite 414, San Diego, CA 92101. This Court possesses personal jurisdiction over Defendant AXURE.

## III. FIRST CLAIM FOR RELIEF

### Patent Infringement of the '837 Patent against Defendant AXURE

6. Plaintiff iRISE repeats and realleges the allegations of Paragraphs 1 through 5 of this Complaint as if they were fully set forth herein.

7. Plaintiff iRISE is the owner of all right, title, and interest in United States Patent No. 7,349,837 (the "'837 Patent"), entitled "Systems and Methods for a Programming Environment for a Simulation of a Computer Application," which issued on March 25, 2008. A true and correct copy of the '837 Patent is attached hereto as Exhibit A.

8. Plaintiff iRISE offers for sale and sells various computer software products, including products within the scope of the claims of the '837 Patent, within this Judicial District and throughout the United States.

/ / /

9.     Defendant AXURE has been and still is infringing the '837 Patent by making, using, selling, or offering for sale computer software products that provide users with an environment for programming a simulation of a computer application within the scope of the claims of the '837 Patent.   Defendant AXURE has been and is engaging in infringing activities in this Judicial District and elsewhere in the United States.

10.     Plaintiff iRISE is informed and believes, and thereupon alleges, that Defendant AXURE's infringement of the '837 Patent is willful, wanton, deliberate, without license, and with full knowledge of the rights of Plaintiff iRISE.

11.     Plaintiff iRISE has been damaged by Defendant AXURE's infringement of the '837 Patent in an amount to be determined at trial.   Unless restrained and enjoined by this Court, Defendant AXURE will continue to infringe the '837 Patent, resulting in substantial, continuing, and irreparable damage to Plaintiff iRISE.

12.     Plaintiff iRISE is informed and believes, and thereupon alleges, that this case is "exceptional" within the meaning of 35 U.S.C. § 285.

### IV.  SECOND CLAIM FOR RELIEF

### Patent Infringement of the '158 Patent against Defendant AXURE

13.     Plaintiff iRISE repeats and realleges the allegations of Paragraphs 1 through 12 of this Complaint as if they were fully set forth herein.

14.     Plaintiff iRISE is the owner of all right, title, and interest in United States Patent No. 7,861,158 (the "'158 Patent"), entitled "System and Process for Gathering, Recording and Validating Requirements for Computer Applications," which issued on December 28, 2010.  A true and correct copy of the '158 Patent is attached hereto as Exhibit B.

/ / /

/ / /

15.   Plaintiff iRISE offers for sale and sells various computer software products, including products within the scope of the claims of the '158 Patent, within this Judicial District and throughout the United States.

16.   Defendant AXURE has been and still is infringing the '158 Patent by making, using, selling, or offering for sale computer software products that provide users with an environment for programming a simulation of a computer application within the scope of the claims of the '158 Patent.  Defendant AXURE has been and is engaging in infringing activities in this Judicial District and elsewhere in the United States.

17.   Plaintiff iRISE is informed and believes, and thereupon alleges, that the Defendant AXURE's infringement of the '158 Patent is willful, wanton, deliberate, without license, and with full knowledge of the rights of Plaintiff iRISE.

18.   Plaintiff iRISE has been damaged by Defendant AXURE's infringement of the '158 Patent in an amount to be determined at trial.  Unless restrained and enjoined by this Court, Defendant AXURE will continue to infringe the '158 Patent, resulting in substantial, continuing, and irreparable damage to Plaintiff iRISE.

19.   Plaintiff iRISE is informed and believes, and thereupon alleges, that this case is "exceptional" within the meaning of 35 U.S.C. § 285.

## V.  DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff iRISE demands judgment as follows:

A.   That the Court adjudge Defendant AXURE to have infringed the '837 Patent;

B.   That the Court adjudge Defendant AXURE to have infringed the '158 Patent;

C.   That the Court adjudge Defendant AXURE to have willfully and deliberately infringed the '837 Patent;

-3-

D.      That the Court adjudge Defendant AXURE to have willfully and deliberately infringed the '158 Patent;

E.      That the Court temporarily, preliminarily, and permanently restrain and enjoin Defendant AXURE, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, from further infringement of the '837 Patent;

F.      That the Court temporarily, preliminarily, and permanently restrain and enjoin Defendant AXURE, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise, from further infringement of the '158 Patent;

G.      That the Court order Defendant AXURE to file with this Court and to serve on Plaintiff iRISE within thirty (30) days after the issuance of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant AXURE has complied with the injunction;

H.      That the Court order an accounting and award damages according to proof at trial by virtue of Defendant AXURE's infringement of the '837 Patent;

I.      That the Court order an accounting and award damages according to proof at trial by virtue of Defendant AXURE's infringement of the '158 Patent;

J.      That the Court award treble damages because of Defendant AXURE's willful infringement of the '837 Patent, in accordance with 35 U.S.C. § 284;

K.      That the Court award treble damages because of Defendant AXURE's willful infringement of the '158 Patent, in accordance with 35 U.S.C. § 284;

L.     That the Court assess prejudgment and postjudgment interest and costs against Defendant AXURE, together with an award of such interest and costs, all in accordance with 35 U.S.C. § 284;

M.     That the Court adjudge the above-captioned case to be an "exceptional case" within the meaning of 35 U.S.C. § 285 and award reasonable attorney fees against Defendant AXURE, pursuant thereto; and

N.     That the Court award such other and further relief as it may deem just and proper.

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated: November 18, 2014          By: /s/John W. Holcomb
                                  John W. Holcomb
                                  Amy C. Chun
                                  Attorneys for Plaintiff iRISE

18955772
111814

-5-